UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PROF-2013-S3 LEGAL TITLE TRUST IV, BY U.S. BANK NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE,<br><br>Plaintiff(s),<br><br>v.<br><br>REO INVESTMENT ADVISORS V LLC, et al.,<br><br>Defendant(s). | Case No. 2:17-CV-277 JCM (CWH)<br><br>ORDER |

Presently before the court is the matter of *PROF-2013-S3 Legal Title Trust IV v. REO Investment Advisors V LLC et al.*, case no. 2:17-cv-00277-JCM-CWH.  On March 31, 2020, the Ninth Circuit reversed the court's order entering summary judgment against plaintiff Prof-2013-S3 Legal Title Trust V's ("plaintiff") and in favor of defendant Flying Frog Avenue Trust ("defendant").

This action arises from a dispute over real property arising from yet another HOA "superpriority" foreclosure sale.  (ECF No. 1).  The court adjudicated the parties' cross-motions for summary judgment and held as follows:

> [P]laintiff is not entitled to relief on its remaining claims as a matter of law. The HOA conducted a valid lien sale on the property pursuant to NRS Chapter 116, thereby extinguishing plaintiff's deed of trust on the property. Moreover, plaintiff has not established any other grounds to justify setting aside the foreclosure sale as a matter of law. Accordingly, the court will grant summary judgment in favor of defendant.

(ECF No. 59 at 15).  In particular, this court, relying on pre-*Diamond Spur* authority, found that plaintiff's predecessor-in-interest's tender—which was less than the amount set forth in the HOA's

**James C. Mahan**
**U.S. District Judge**

accounting ledger, but more than nine months' unpaid HOA assessments—did not discharge the superpriority portion of the HOA's lien. (*Id.* at 12–13). This court applied the same reasoning as it had in other cases: tendering less than the full amount due was insufficient to protect the bank's deed of trust, especially when the tendered amount did not include any amount for maintenance or nuisance abatement. *Id.*

The Ninth Circuit reversed this court's order, holding as follows:

> The district court erred in rejecting U.S. Bank's argument that its predecessor's tender of more than nine months' unpaid HOA assessments satisfied the superpriority portion of the HOA's lien on the property and preserved U.S. Bank's predecessor's first security interest. Under Nevada law—decided after the district court's order in this case—the amount necessary to discharge an HOA's superpriority lien is nine months' unpaid assessments and any maintenance and nuisance abatement amounts. *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 117–18 (Nev. 2018) ("*Diamond Spur*") (en banc). U.S. Bank's predecessor tendered the necessary amount here. The valid tender discharged the superpriority amount of the HOA's lien. *Id.*

(ECF No. 63 at 2–3).

As a result, the court now quiets title in plaintiff's favor, consistent with the Ninth Circuit's memorandum disposition.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that this court's prior order (ECF No. 73) be, and the same hereby is, VACATED.

IT IS FURTHER ORDERED that Flying Frog Avenue Trust's motion for summary judgment (ECF No. 45) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff Prof-2013-S3 Legal Title Trust V's motion for summary judgment (ECF No. 46) be, and the same hereby is, GRANTED.

The clerk is instructed to enter judgment and close the case accordingly.

DATED May 4, 2020.

                                             /s/ James C. Mahan
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**